# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LESIA ANN ROSE,** ]<br>]<br>  **Plaintiff,** ]<br>]<br>**v.** ]<br>] **CASE NO.: 2:14-cv-160-KOB**<br>**SMI STEEL LLC, d/b/a CMC Steel** ]<br>**Alabama,** ]<br>]<br>  **Defendant**. ]<br>] | |

## MEMORANDUM OPINION

This case, asserting sexual harassment under Title VII and invasion of privacy under Alabama law, comes before the court on the "Defendant's Motion to Dismiss" filed on January 29, 2013 (doc. 4), the same day the Defendant removed this case from the Circuit Court of Jefferson County to this court based on federal question jurisdiction (doc. 1). For the following reasons, the court finds that the Defendant's motion to dismiss is due to be DENIED in part, and GRANTED in part. The court will DENY the motion as to the Title VII claim but GRANT it as to the invasion of privacy claim and will DISMISS that claim WITHOUT PREJUDICE.

*Procedural History*

The Plaintiff Lesia Ann Rose originally brought this action under Title VII, 42 U.S.C. § 1983, and Alabama law on invasion of privacy. SMI Steel LLC d/b/a/ CMC Steel Alabama ("CMC") filed its motion to dismiss under Rule 12(b)(6), arguing that Rose failed to state a claim upon which relief can be granted. In its motion, CMC requested that this court "dismiss all of

1

Plaintiff's claims with prejudice." (Doc. 4, at 2). However, CMC's Brief in Support of Its Motion to Dismiss did not address Plaintiff's Title VII claim. (*See* Doc. 5).

On April 10, 2014, during the Scheduling Conference, CMC indicated through counsel that it did not intend to include the Title VII claim in its motion to dismiss. On April 14, 2014, after the Scheduling Conference, Rose filed an Amended Complaint (doc. 16), naming SMI Steel, LLC d/b/a CMC Steel Alabama as the proper Defendant and dropping the § 1983 claim.

Given the Amended Complaint deleting the § 1983, the court finds CMC's motion to dismiss as to the § 1983 claim is MOOT. Because CMC neither intended to challenge Rose's Title VII claim and did not address it in its brief, the court finds that CMC abandoned that claim and will DENY the motion to dismiss as to the Title VII claim. The court, however, will address CMC's motion to dismiss as to the remaining invasion of privacy claim.

## I.  FACTS

On April 14, 2014, Rose filed an Amended Complaint in this action against CMC, alleging claims under Title VII of the Civil Rights Act of 1964 and under Alabama law for invasion of privacy, demanding appropriate declaratory relief, compensatory, and punitive damages. (Doc. 16).

According to the Amended Complaint, on or about February 22, 2012, Rose applied for a position with CMC. Curtis Hammond, an employee of CMC, informed Rose that, in light of her experience and education, he would be able to obtain a position for her with the company. Rose followed-up with Hammond several times regarding the status of her application.

Rose alleged that at some point around March 2012, Hammond began to send inappropriate sexual text messages to Rose and made inappropriate comments to her on the

telephone, alluding to Rose's hiring being conditioned upon her having sexual relations with Hammond.  Oneof the text messages Hammond sent to Rose allegedly stated, "Need lovin u want that job." After Rose refused to engage in sexual relations with Hammond, she was not hired by CMC.

Rose contends that, on or about May 21, 2012, she sent a letter to CMC detailing the alleged sexual harassment that Hammond committed.  Rose claims that after receiving this notice of the alleged sexual harassment, CMC refused to give her a second interview or to hire her.

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)).  A plaintiff must provide the grounds of her entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47).   It does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009).  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

The Supreme Court has recently identified "two working principles" for the district court to use in applying the facial plausibility standard. The first principle is that, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. Thus, under prong one, the court determines the factual allegations that are well-pleaded and assumes their veracity, and then proceeds, under prong two, to determine the claim's plausibility given the well-pleaded facts. That task is "context-specific" and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense. . . to infer more than the mere possibility of misconduct." Id. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.*

### III. DISCUSSION

**Invasion of Privacy**

Rose's Amended Complaint contains one sentence regarding invasion of privacy: "Hammond also invaded Plaintiff's privacy by the behavior chronicled in the preceding counts." (Doc. 16). CMC argues that Rose inadequately pled the invasion of privacy claim because her "threadbare recitals are wholly insufficient to survive a motion to dismiss." (Doc. 4, at 4). In her objections to the motion to dismiss, Rose maintains that "[u]nwanted solicitation for sexual intercourse is clearly an intrusion upon the most 'private' of affairs." (Doc. 8, at 3).

This court notes that the Amended Complaint failed to specify the type of invasion of privacy upon which Rose bases her claim. A court in this district has held that a plaintiff insufficiently pled a claim for invasion of privacy based on sexual harassment where the plaintiff failed to allege specifically the type of invasion of privacy she was asserting under Alabama law. *Watts v. Jay Hanuman, Inc.,* No. 1:11-cv-4346-VEH, 2012 WL 1424881, *1, *5 (N.D. Ala. Apr. 20, 2012). As Rose failed, in this case, to plead the type of invasion of privacy upon which she bases her claim, CMC is forced to guess and fashion its answer upon such speculation. CMC should not have this burden.

Although she failed to plead the type of invasion of privacy she asserts against CMC, Rose's "Objections to Defendant's Motion to Dismiss" seemed to clarify that she intended to bring her claim based on the "intrusion of the plaintiff's physical solitude or seclusion." (Doc. 8, at 3). The Supreme Court of Alabama has defined the wrongful intrusion aspect of invasion of privacy by adopting the definition from the Restatement (Second) of Torts. *Phillips v. Smalley Maint. Serv., Inc.*, 435 So. 2d 705, 708 (Ala. 1983). It states: "one who intentionally intrudes,

physically or otherwise, upon the solitude or seclusion of another or [her] private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person." Restatement (Second) of Torts, § 652B (1977). Alabama law further defines the tort of invasion of privacy as "'the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.'" *Austin v. Mac-Lean Fogg Co.*, No. 2:12-cv-04057-AKK, 2014 WL 769451, *6 (N.D. Ala. February 25, 2014 (quoting *McIsaac v. WZEW–FM Corp.*, 495 So. 2d 649, 651 (Ala. 1986)).

Regarding specifically when claims of sexual harassment may constitute invasion of privacy, the Alabama Supreme Court has noted that "[e]ven the dire afront of inviting an unwilling woman to illicit intercourse has been held by most courts to be no such outrage as to lead to liability" for invasion of privacy. *McIsaac*, 495 So. 2d at 651 (citations omitted). The law in Alabama provides that, "[w]hile asking a co-employee for a date and making sexual propositions usually do not constitute an invasion of privacy, *extensive* inquiries into one's sex life or looking up one's skirt may constitute an invasion of privacy." *Ex parte Atmore Cmty. Hosp.,* 719 So. 2d 1190, 1191 (Ala. 1998) (citing *Busby v. Truswal Sys. Corp.,* 551 So. 2d 322, 323 (Ala. 1989) (emphasis added); Restatement (Second) of Torts § 652B cmt. c, ex. 7). For sexual harassment to actionable as invasion of privacy, "Alabama courts have generally required invasion of privacy claims to allege both ongoing, persistent verbal harassment and unwanted physical contact." *Austin*, 2014 WL 769451, *6 (citations omitted).

The facts regarding the invasion of Rose's privacy, when viewed in the light most favorable to her, include that Mr. Hammond, a "decision-maker" for CMC, allegedly invaded her

6

privacy by behavior that began about March 2012; specifically, "Hammond began to send inappropriate sexual text messages and make inappropriate comments on the telephone alluding to Plaintiff's hiring being conditioned upon her having sexual relations with him to which the Plaintiff refused to engage in said relations. He texted, 'Need lovin u want that job.'" (Doc. 1, at 11).

This court finds that Rose's Amended Complaint fails to plead sufficiently that the intrusion into her private affairs was to such a degree as to outrage or cause mental suffering to a reasonable person. *See Austin*, 2014 WL 769451, *6.  Other than quoting one text message purportedly soliciting "lovin" from the Plaintiff, the Amended Complaint does not state the frequency or content of Hammond's phone calls or inappropriate text messages.  While unwanted solicitation of sexual relations certainly may be offensive, the Alabama courts have found that such solicitation alone is not so highly offensive as to constitute the tort of invasion of privacy.  Moreover, the Amended Complaint states no specific consequences that Rose suffered as a result of the phone calls and texts, and does not assert even generally that Rose has suffered any physical, mental, or actual damages as a result of the invasion in privacy, except that she was not hired.  The content of one text message and mere allegations of other texts or phone calls with no specific facts regarding the frequency or content of them or regarding their impact on Rose do not support a claim of a *highly* offensive intrusion in this case.

Having reviewed the various cases and examples cited by both parties of circumstances that would constitute an intrusion that would be highly offensive to a reasonable person, this court finds that the facts pled in the Amended Complaint do not rise to that level as a matter of law.  Thus, the Defendant's motion to dismiss as to the invasion of privacy claim is due to be

GRANTED and that claim DISMISSED WITHOUT PREJUDICE.

## IV.  CONCLUSION

For the reasons stated above, the court FINDS that the motion to dismiss is due to be DENIED as to the Plaintiff's Title VII claim and GRANTED as to the invasion of privacy claim and that claim DISMISSED WITHOUT PREJUDICE.  The case will proceed with the Title VII claim.

DONE and ORDERED this 1st day of May, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE