IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LESIA ANN ROSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 2:14-cv-00160-KOB |
| CMC STEEL FABRICATORS, INC., | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S MOTION TO ENFORCE SETTLEMENT

Defendant, SMI Steel LLC, d/b/a CMC Steel Alabama ("Defendant" or "CMC") (improperly named in the Complaint as "CMC Steel Fabricators, Inc.") hereby files its Motion to Enforce Settlement. In support thereof, Defendant states as follows:

### I.  INTRODUCTION

The facts presented below demonstrate that Plaintiff and Defendant negotiated and agreed to a global settlement agreement providing for the dismissal with prejudice of the Complaint in this case, as well as the release of any and all claims Plaintiff holds against Defendant, in exchange for a monetary sum. Plaintiff accepted this settlement proposal. Plaintiff, however, now attempts to revoke her acceptance. Despite Plaintiff's attempts to revoke this acceptance,

1

Defendant is entitled to enforcement of the settlement agreement and to the dismissal of this Complaint with prejudice.

## II.   FACTUAL BACKGROUND

Plaintiff Lesia Ann Rose ("Plaintiff") filed a Complaint bringing claims against Defendant on December 13, 2013. In August 2014, shortly before Plaintiff's deposition, the parties began negotiating a potential settlement via e-mail and telephone conversations. As shown by the correspondence between Defendant's counsel and Plaintiff's counsel, the parties reached a negotiated settlement on August 20, 2014. *See* Exhibit A. Prior to filing this motion, the undersigned counsel spoke to Plaintiff's counsel and he confirmed that he acted with authority from Ms. Rose and that the parties reached a settlement agreement.

Pursuant to the terms of the agreement, Plaintiff agreed to a specific monetary amount and to a standard global release, including the dismissal of her Complaint with prejudice and a release of any and all claims against Defendant. On September 2, 2014, Plaintiff's counsel informed Defendant that Plaintiff refused to execute the written settlement agreement.

## III.   LEGAL ANALYSIS

As the foregoing facts demonstrate, Plaintiff accepted a settlement agreement after consideration and consultation with her counsel. Under controlling law, Defendant is entitled to enforcement of that agreement.

2

"Principles governing general contract law apply to interpret settlement agreements." *Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir. 2000) (citations omitted) (applying state law to construction and enforceability of settlement agreement arising under Title VII). Alabama and federal courts favor enforcement of settlement agreements. *See, e.g., In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991) ("Settlement is generally favored because it conserves scarce judicial resources."); *Beavers v. Am. Cast Iron Pipe Co.*, 164 F. Supp. 2d 1290, 1297 (N.D. Ala. 2001) ("There is a strong public policy in favor of settlement of Title VII claims. A settlement produces an amicable resolution of disputes and minimizes demands on judicial time and resources.").

Under Alabama law, "[a]n attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court." Code of Ala. § 34-3-21; *see, e.g., Jefferson v. Best Buy Co.*, 2010 U.S. Dist. LEXIS 47058, at *8 (M.D. Ala. Mar. 18, 2010) *adopted by* 2010 U.S. Dist. LEXIS 37607 (M.D. Ala. Apr. 15, 2010) ("A letter signed by a party's attorney is a sufficient writing to bind that party to a settlement pursuant to § 34-3-21."). Moreover, it is well-established that settlement agreements reached via e-mail are enforceable. *See, e.g., id.* at *10 (recommending enforcement of settlement agreement accepted via e-mail, as "a written record or agreement may not be denied legal effect simply because it is in

3

electronic form."); *Miles v. Northwestern Mut. Life Ins. Co.*, 677 F. Supp. 2d 1312, 1315 (M.D. Fla. 2009) ("The Court concludes that the September 18, 2009 e-mail constitutes a complete, binding, and enforceable settlement agreement.").

Additionally, a settlement agreement is enforceable even if an attorney's client did not sign the agreement. "[S]ection 34-3-21 of the Alabama Code does not require a settlement agreement to be signed by the parties… The Alabama Supreme Court has several times enforced a settlement agreement against a party when the agreement was entered into by the party's attorney and was not signed by the party." *Spurlock v. Pioneer Financial Services, Inc.*, 808 F. Supp. 782, 783 (M.D. Ala. 1992). *See, e.g., Beverly v. Chandler*, 564 So. 2d 922, 924 (Ala. 1990) (holding that client could not repudiate a settlement agreement entered into by her attorney).

In this case, the e-mails exchanged between Plaintiff's Counsel and Defendant's Counsel (Exhibit A) make it unmistakably clear that the parties reached a settlement agreement. Additionally, Plaintiff's counsel does not dispute that the parties agreed to settle the case for the specified terms. Alabama law is well-settled that a settlement agreement is enforceable when, as is the case here, the agreement was negotiated and accepted by both parties. *See, e.g., Stoudmire v. United States Xpress*, 2013 U.S. Dist. LEXIS 47925 at *8 (M.D. Ala. Apr. 3, 2013) (enforcing settlement agreement and stating, "[s]ettlement agreements are

4

contracts, and, like other contracts, once a party has manifested assent to an agreement that meets all requirements for a legally binding contract, the party is bound."); *Jowers v. Alabama Bd. of Pardons*, 2013 U.S. Dist. Lexis 14396, at *2 (M.D. Ala. Feb. 4, 2013) (enforcing settlement agreement where party gave her attorney express and apparent authority to settle the case); *Bailey v. Mead Southern Wood Prods.*, 295 F. Supp. 2d 1286, 1289 (M.D. Ala. 2003) (granting motion to enforce settlement agreement where plaintiffs authorized attorney to enter settlement agreement); *Harris v. Preskitt*, 911 So. 2d 8, 13 (Ala. Civ. App. 2005) ("The law in Alabama is clear in that agreements made in settlement of litigation are as binding on parties thereto as any other contract. A settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced.") (quoting *Nero v. Chastang*, 358 So. 2d 740, 743 (Ala. Civ. App. 1978)).

Based on the above, Defendant is entitled to the enforcement of the settlement of this litigation and to the dismissal of Plaintiff's claims with prejudice.

WHEREFORE, Defendant respectfully requests this Court to grant its Motion to Enforce Settlement and to enter an order: (a) enforcing the settlement and (b) dismissing Plaintiff's Complaint with prejudice.

Respectfully submitted,

/s/ Audrey Y. Dupont

                                        Audrey Y. Dupont
                                        *Attorneys for Defendant, SMI Steel, LLC,*
                                        *d/b/a CMC Steel Alabama*

OF COUNSEL:
Carole G. Miller
Audrey Y. Dupont
Patrick J. Mulligan
BRESSLER, AMERY & ROSS, P.C.
420 20th Street North
Suite 2200
Birmingham, AL 35233
Phone: (205) 719-0400
Fax: (205) 719-0500
cmiller@bressler.com
adupont@bressler.com
pmulligan@bressler.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2014, a true and correct copy of the above and foregoing was served upon the following via electronic mail and U.S. Mail, postage prepaid:

Terrell E. McCants, Esq.
P.O. Box 380081
Birmingham, AL 35238-0081

/s/ Audrey Y. Dupont
OF COUNSEL